# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MASTER-HALCO, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:13-CV-231 |
| | ) |
| SECURITY INDUSTRIES, INC. | ) |
| n/k/a FENCE AND DOOR | ) |
| SECURITIES, INC. and | ) |
| DANNY S. JONES, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the: (1) "Plaintiff's Motion for Summary Judgment," filed by Plaintiff, Master-Halco, Inc., on June 2, 2014 (DE #17); (2) Plaintiff's Motion to Vacate Order of August 20, 2014 and for Summary Ruling on Plaintiff's Motion for Summary Judgment, filed by Plaintiff, Master-Halco, Inc., on August 25, 2014 (DE #21); and (3) "Plaintiff's Motion to Strike Defendants' Response to Plaintiff's Motion for Summary Judgment, filed by Plaintiff, Master-Halco, Inc., on September 12, 2014 (DE #26). For the reasons set forth below, the motion for summary judgment (DE #17) is **GRANTED as to LIABILITY**. The Clerk is hereby **ORDERED** to enter judgment as a matter of law in favor of Plaintiff, Master-Halco, and against Defendants, Security Industries, Inc. n/k/a Fence and Door Securities, Inc. and Danny S.

Jones.  The parties are hereby **ORDERED** to attend a hearing on the issue of damages set before this Court on **November 4, 2014, at 1:00 p.m.**  The motion to strike (DE #26) is **DENIED**.  The motion to vacate (DE #21) is also **DENIED.**

BACKGROUND

Plaintiff, Master-Halco, Inc., filed the instant motion for summary judgment on June 2, 2014 (DE #17).  Later the same day, it filed a memorandum in support (DE #18) and a motion entitled on the docket "Motion to Supplement Motion for Summary Judgment."  (DE #19.)  On August 20, 2014, this Court granted the motion to supplement and deemed the Plaintiff's designation of evidence in support of its motion for summary judgment as filed.  (DE #20.)  This Court also ordered the Defendants to file a response to the motion for summary judgment on or before September 4, 2014.  *Id.*  Plaintiff then filed a motion to vacate that order, claiming it incorrectly labeled its designation of evidence as a motion to supplement, and because Defendants already missed the 28-day window in which to file a response in opposition, they should not be entitled to additional time to file a response.  (DE #21.)

Defendants filed a response within the additional time ordered by the Court, on September 4, 2014 (DE #23).  Plaintiff then moved to strike the response as untimely under L.R. 56-1.  (DE #26.)  Plaintiff also filed a reply in support of the motion for summary

2

judgment on September 15, 2014 (DE #28). Thus, the motions are fully briefed and ripe for adjudication.

DISCUSSION

Motion to Strike

Plaintiff contends that its entry labeled "Motion to Supplement Motion for Summary Judgment" (DE #19), filed on June 2, 2014, was incorrectly titled on the docket, and is merely the evidence designated in support of its motion for summary judgment. As such, when this Court granted the motion to supplement, and gave Defendants additional time to file a response to the motion for summary judgment (DE #20), Plaintiff believes the extension of time was improper. They move to vacate this Court's order (DE #21), and also to strike Defendants' response to the motion for summary judgment (DE #26).

It is this Court's practice that when the opposing party fails to file a response to a motion for summary judgment pursuant to L.R. 56-1, that this Court takes it upon itself to then order the party to respond within an additional 15 days. As such, even if Plaintiff had not filed its motion to supplement the motion for summary judgment, this Court would have granted Defendants an additional 15 days to file a response after the Court noticed that the time had elapsed for a timely response. Moreover, motions to strike are heavily disfavored, and usually only granted in

circumstances where the contested evidence causes prejudice to the moving party. *Kuntzman v. Wal-Mart*, 673 F.Supp.2d 690, 695 (N.D. Ind. 2009); *Gaskin v. Sharp Elec. Corp.*, No. 2:05-CV-303, 2007 WL 2228594, at *1 (N.D. Ind. July 30, 2007). As discussed below, even considering the arguments and evidence set forth by Defendants, summary judgment on liability is appropriate, and this Court prefers to rule upon all the evidence before it. Therefore, the motion to vacate this Court's order extending the time for Defendants to respond (DE #21) and the motion to strike (DE #26) are **DENIED**.

Motion for Summary Judgment

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *NUCOR Corp. v. Aceros Y Maquilas de*

*Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes "demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant must support its assertion that a fact is genuinely disputed by citing to particular parts of materials in the record. Fed. R. Civ. P. 56(c); *Becker v. Tenenbaum-Hill Assoc., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect* the outcome of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson*, 477 U.S. at 248).

"A party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley Country REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 955 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of

an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Undisputed Findings of Fact

Defendant, Security Industries, Inc., was a fencing contractor and Plaintiff, Master-Halco, was a manufacturer and wholesale distributor of perimeter security and fencing. (Herauf Aff. ¶¶ 5, 6.) On November 20, 2007, Master-Halco and Security Industries entered into a Purchase Money Security Agreement (the "Agreement"). (DE #12 ¶ 7; Herauf Aff. ¶ 7.) Under the Agreement, Security Industries was obligated to pay the purchase price of all merchandise sold by Master-Halco to Security Industries, according to the terms of such sales and otherwise to pay and perform all of the obligations secured by the Agreement according to the terms. (Pl.'s Ex. A1, Section II, ¶ A.) Also pursuant to the Agreement, a failure to pay the purchase price of any merchandise sold by Master-Halco to Security Industries according to the terms of such sale constituted a default by Security Industries. (*Id.*, Section III, ¶ C1.) Further, a discontinuance or dissolution of Security Industries' business would constitute a default under the

6

Agreement. (*Id.*, Section III, ¶ C7.) Defendants admit in their answer that Security Industries discontinued business operations. (DE #12, ¶ 12.)

Danny S. Jones, Security Industries' corporate officer and president, signed the Agreement on behalf of Security Industries. (DE #12, ¶ 9; Herauf Aff. ¶ 9; Pl.'s Ex. A1.) According to Fred Herauf, Director of Customer financial Services for Master-Halco, Security Industries has failed to pay the purchase price of merchandise sold to it by Plaintiff totaling $287,546.78. (Herauf Aff. ¶ 10.)

On March 14, 2013, Master-Halco sent Danny Jones a letter indicating that a total of $491,987.53 was due, and demanding that certain collateral be made available to Master-Halco for pickup. (Pl.'s Ex. A5, DE #19-6.) Danny Jones had signed a Guaranty on April 17, 2003, promising to make prompt payment of all indebtedness of Security Industries to Master-Halco, whether in existence on April 17, 2003, or arising thereafter. (Herauf Aff. ¶ 12, Pl.'s Ex. A3.) Later, in June 2012, Security Industries and Master-Halco entered into a payment plan agreement, calling for a weekly payment to be made. (Herauf Aff. ¶ 13; Pl.'s Ex. A4.) The agreement also provided for an interest charge of eight percent per annum. *Id.* Only a few of the weekly payments were actually made by Security Industries to Master-Halco. (Herauf. Aff., ¶ 13.)

Master-Halco has made a demand to Danny Jones for payments of

amounts due under the Agreement. (DE #12, ¶ 20; Herauf Aff. ¶ 14; Pl.'s Ex. A5.) Danny Jones has failed to pay the principal amount of $287,546.78 plus interest due and owing under the Agreement. (Herauf Aff. ¶ 15.)

Herauf's affidavit attests that as of April 30, 2014, Security Industries owes Master-Halco $333,254.87, which includes the principal amount of $287,546.78 plus interest in the amount of $45,708.09, calculated through April 30, 2014. (Herauf Aff. ¶ 16.)

Liability

Master-Halco has established that Defendants breached the contract and guaranty, and Defendants do not contest liability (they merely argue that Plaintiff alleges various damages amounts without providing documentary support for any of the alleged amounts). (DE #24, p. 5.)

Indeed, the essential elements of a breach of contract claim are "the existence of a contract, the defendant's breach thereof, and damages." *Auto-Owners Ins. Co. v. C & J Real Estate, Inc.*, 996 N.E.2d 803, 805 (Ind. Ct. App. 2013). There is no dispute that there existed a contract between Master-Halco and Security Industries, and that they entered into a Purchase Money Security Interest Agreement on November 20, 2007. There is no dispute that Security Industries breached the contract and defaulted when it failed to pay the purchase price of merchandise sold by Master-

8

Halco to Security Industries, Inc. as required by Section II paragraph A of the Agreement. (Pl.'s Ex. A1, Section II, ¶ A.) Moreover, the "discontinuance or dissolution of [Security industries] business" also placed Security Industries in default under the Agreement. (*Id.*, Section III, ¶ C7.) Finally, it is not disputed that Danny Jones signed a guaranty, promising to make prompt payment of the indebtedness to Master-Halco, but then failed to make the required payments. (Pl.'s Ex. A3.) Therefore, summary judgment is appropriate on the basis of liability. *See, e.g., Moran Foods, Inc. v. Mid-Atlantic Market Dev. Co., LLC*, 476 F.3d 436 (7th Cir. 2007) (finding district court should have entered final judgment on motion for summary judgment in a similar breach of contract case).

Damages

The only real controversy in this case occurs in the matter of damages owed. Defendants argue that Plaintiff has claimed several different amounts due and owing without properly supporting the amounts. Fred Herauf, Director, Customer Financial Services, Master-Halco, affirmed in his affidavit that the amount due as of April 30, 2014, was $333,254,87, which included the principal amount of $287,546.79 plus interest calculated through April 30, 2014, in the amount of $45,708.09. (Herauf Aff. ¶ 16.) However, as Defendants point out, there are other numbers that muddle the

9

equation.  First, Plaintiff's complaint states that as of June 2013, the outstanding invoices totaled $323,125.77, plus claimed interest and attorney fees.  (Compl. ¶ 8.)  Second, Master-Halco attached as an exhibit a demand to Danny Jones for $442,306.72.  (Pl.'s Ex. A5, DE #19-6.)  And finally, and most concerning, the affidavit of Fred Herauf refers to the true and accurate copies of the outstanding invoices reflected in the most recent statement of account - but while Herauf claims that on April 30, 2014, the invoices total $287,546.78, the attached invoices themselves state that the total current balance due as of April 30, 2014, is $304,552.37.  (Pl.'s Ex. A2, DE #19-3).  At this stage, the damages have not been proved with sufficient evidence for this Court to grant summary judgment on the exact amount due.  As such, the Court will hold a hearing on the issue of damages.

CONCLUSION

For the reasons set forth above, the motion for summary judgment (DE #17) is **GRANTED as to LIABILITY**.  The Clerk is hereby **ORDERED** to enter judgment as a matter of law in favor of Plaintiff, Master-Halco, and against Defendants, Security Industries, Inc. n/k/a Fence and Door Securities, Inc. and Danny S. Jones.  The parties are hereby **ORDERED** to attend a hearing on the issue of damages set before this Court on **November 4, 2014, at 1:00 p.m.** The motion to strike (DE #26) is **DENIED.**  The motion to vacate (DE

#21) is also **DENIED.**

**DATED: October 1, 2014**             **/s/ RUDY LOZANO, Judge**
                                       **United States District Court**